UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TONY WEEMS,

      Plaintiff,

v.                                            Case No.  5:04-cv-406-Oc-10GRJ

DONALD A. MCKELVY, et al.

      Defendants.
_____

**ORDER OF DISMISSAL**

In April 2004, Plaintiff, a federal prisoner at the Coleman Federal Correctional Complex, initiated this action *pro se* by the filing a civil rights complaint in the United States District Court for the District of Columbia.  (Doc. 1).  In May 2004, the District of Columbia court transferred the action to the Middle District of Florida.  (Doc. 4). In an order dated February 16, 2005, this Court granted Plaintiff's motion to amend his complaint.  (Doc. 15).

Plaintiff is now proceeding *in forma pauperis* and on an amended complaint. The amended complaint named Medical Director Kendig, Warden McKelvy, Assistant Warden Phillips, Dr. Shim, and Physician Assistant Topping, the Federal Bureau of Prisons (BOP), USP-Coleman, and the United States of America as Defendants.[1]  (Doc. 17).  Now before the Court is Defendants' Motion to Dismiss or

---

[1] A review of the file shows that Plaintiff failed to serve process upon the named Defendants McKelvy, Shim, and USP-Coleman.  Plaintiff has not requested an extension of time to do so nor has he shown good cause for the failure to serve these Defendants.

in the Alternative, for Summary Judgment. (Doc. 34). Plaintiff has responded to the motion (Doc. 45), and the matter is now ripe for review. For the following reasons, the motion is due to be **GRANTED.**

### Discussion

Plaintiff states that he brings this action "against the United States of America and employees of the Federal Bureau of Prisons for their acts and omissions in relations to the treatment of negligence and malpractice." Plaintiff further alleges that BOP policy regarding treatment of his medical condition is ambiguous and is a violation of his due process rights. Plaintiff seeks unspecified damages and injunctive relief. (Doc. 17, pg. 3-4).

To the extent Plaintiff's first amended complaint asserts a Federal Tort Claims Act (FTCA) claim against the United States, Defendants maintain that Plaintiff's FTCA claim is due to be dismissed under FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. The Court agrees. 28 U.S.C. §2401(b) states in relevant part, "a tort claim against the United States shall be forever barred unless...action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim...." The Federal Tort Claims Act "is a specific waiver of the sovereign immunity of the United States and must be strictly construed." Phillips v. United States, 260 F.3d 1316, 1918 (11th. Cir. 2001). The limitations upon which the United States consents to be sued must be "strictly observed." Id. An action under the FTCA must name the United States as the

defendant.

In August 2003, Plaintiff filed an administrative tort claim with the Federal Bureau of Prisons (BOP) seeking $750,000 for personal injury.[2]  On January 22, 2004, Regional Counsel for the BOP sent Plaintiff a letter denying Plaintiff's tort claim.  Plaintiff did not commence his FTCA lawsuit until he filed his First Amended Complaint, mailed on March 9, 2005 and filed on March 14, 2005, well over the six-month time limit provided in 28 U.S.C. §2401(b).  Therefore, Plaintiff's FTCA claim against the United States must be dismissed for lack of jurisdiction.[3]

To the extent Plaintiff appears to allege medical negligence on the part of the Defendants Kendig, Phillips, and Topping in their official capacity, this claim is due to be dismissed because the claim is duplicative of the FTCA claim against the United States.  Further, Plaintiff has completely failed to allege, much less establish, how the care he received fell below the applicable standard of care.  Therefore, this claim is dismissed under FED. R. CIV. P. 12(b)(6) for failure to state a claim.

To the extent Plaintiff asserts a due process violation relating to BOP policy regarding treatment of his medical condition, this claim is due to be dismissed pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction.  The

---

[2]According to the administrative tort claim attached to the amended complaint, Plaintiff injured his knee while playing basketball on November 11, 2002.

[3]The Court can not relate Plaintiff's FTCA claim back to the original complaint.  The original complaint was signed on April 6, 2004 and filed in the District of Columbia on May 12, 2004.  This complaint would have been timely under 28 U.S.C. 2401(b), but the original complaint did not name the United States as a Defendant nor even assert a FTCA claim.  Further, the original complaint was not served on any named Defendant.  See FRCP 15(c).

doctrine of sovereign immunity protects the United States for suit absent waiver. United States v. Sherwood, 312 U.S. 584, 586 (1941). The United States has not waived its sovereign immunity from liability for an award of damages arising from alleged violations of the Constitution. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994). Accordingly, to the extent that Plaintiff alleges claims against the United States, the BOP, and the remaining Defendants in the official capacities, this claim barred by the doctrine of sovereign immunity.

Liberally construing Plaintiff's amended complaint as including a deliberate indifference claim for denial of medical treatment, Plaintiff's complaint is still due to be dismissed. "Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F. 2d 1495, 1505 (11th Cir. 1991)(*quoting* Rogers v. Evans, 792 F. 2d 1052, 1058 (11th Cir. 1986)). A finding of deliberate indifference requires more than a showing of negligence.[4] Estelle v. Gamble, 429 U.S. 97, 106 (1976). Finally, Plaintiff has not shown that his requested injunctive relief is necessary or proper.

## **Conclusion**

For the reasons stated herein, Defendants' Motion to Dismiss (Doc. 34) is

---

[4] The Eleventh Circuit acknowledges that "deliberate indifference" has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than more negligence. McElligott v. Foley, 182 F. 3d 1248, 1255 (11th Cir. 1999).

**GRANTED.** The Clerk shall terminate all pending motions and enter judgment accordingly.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 2nd day of August 2006.

UNITED STATES DISTRICT JUDGE

c Tony Weems
  Counsel of Record